IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
C.A. No. 1:09-cv-639

| | |
|---|---|
| ELAINE A. JOHNSON, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | VERIFIED COMPLAINT |
| ) | |
| BULLHEAD INVESTMENTS, LLC, and ) | JURY TRIAL DEMANDED |
| BROCK & SCOTT, PLLC ) | |
| Defendants. ) | |
| _____ ) | |

NOW COMES Elaine Annette Johnson, by and through counsel, and makes this Verified Complaint against Defendants Bullhead Investments, LLC, and Brock & Scott, PLLC, alleging and saying as follows:

### INTRODUCTION:

This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. When it enacted the FDCPA, Congress found extensive evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices and to ensure that those debt collectors who refrain from abusive practices are not competitively disadvantaged. *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). A debt collector's filing of a lawsuit on a time-barred debt is an unfair and unconscionable means of collecting the debt. *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987). The FDCPA also prohibits debt collectors from "dunning the wrong person." *Dutton v.*

*Wolhar*, 809 F.Supp. 1130, 1134-35 (D. Del. 1992).

## JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.   This action arises out of Defendants' violations of the FDCPA in their illegal efforts to collect a consumer debt from Plaintiff.

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4.   This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5.   Respondent Elaine Annette Johson is a natural person residing in the City of Durham, County of Durham, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA") under 15 U.S.C. §§ 1692a(3) and 1692k .

6.   Defendant Brock & Scott, PLLC (hereinafter, "BS") is, upon information and belief, a professional corporation and a debt collection law firm operating from an address at 1315 Westbrook Plaza Drive, Winston-Salem, NC  27103.

7.   BS is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

8.   BS regularly attempts to collect consumer debts alleged to be due to another.

9.   BS was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10.  Defendant Bullhead Investments, LLC hereinafter, "Bullhead") is, upon

information and belief, a debt collection business operating from an address of 1315 Westbrook Plaza, Winston-Salem, NC 27103.

11. Upon information and belief, Bullhead has, as its sole members, the same two named partners as Defendant BS: North Carolina licensed attorneys Thomas E. Brock and Gregory A. Scott.

12. Bullhead is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

13. Bullhead purchases defaulted debt.

14. Bullhead regularly attempts to collect consumer debts alleged to be due to another.

15. Bullhead was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and the alleged debt in this matter is a "debt" as that term is defined by the FDCPA at 15 U.S.C. § 1692a(5).

16. Bullhead status as a debt collector renders Plaintiff liable for Defendant BS's and its employees' violations of the FDCPA.

### Factual Allegations

17. For several years, Plaintiff has been subject to collection activity against a person unknown to her named "Elaine E. Johnson." She has repeatedly informed collectors that she is not the right person, and that her given name is "Elaine Annette Johnson."

18. On or about April 29, 2009, Plaintiff received a letter from BS, representing Bullhead on a collection matter and addressed to "Elaine E Johnson" (*sic*) at Plaintiff's residential address. Such letter is attached hereto as Plaintiff's Exhibit "A."

19. Plaintiff realized that this was another collection attempt on a person with a

3

Case 1:09-cv-00639-UA-WWD   Document 1   Filed 08/20/09   Page 3 of 9

similar name, since the middle initial was different from hers, and since she has never had an account with the alleged original creditor, First USA Bank, NA.

20. Plaintiff then called BS and spoke with its agent or employee, Melissa Brown (hereinafter, "Brown"), explaining that she was not "Elaine E Johnson."

21. Plaintiff explained that she is subject to many collection activities regarding a person with a name similar to hers.

22. Brown asked Respondent to confirm her Social Security Number.

23. The last four digits of the Social Security Number that Brown wanted to confirm were different from the last four digits of Plaintiff's Social Security Number.

24. After Plaintiff told Brown the last four digits of her Social Security Number, and denied that the Social Security Number BS had on file was hers, Brown told Plaintiff that BS would remove Respondent from the mailing list.

25. Plaintiff took no further steps, as her conversation with Brown led her to believe that the matter was resolved.

26. Plaintiff did not hear from BS again for over two months, at which point she received a Summons and Complaint that BS had filed and served on behalf of Bullhead, seeking to collect on the same alleged debt.

27. The Summons and Complaint, attached hereto as Plaintiff's Exhibit "B," named as Defendant "Elaine E Johnson" and was addressed to Plaintiff's residential address.

28. A sheriff's deputy delivered the Summons and Complaint to Plaintiff's home, giving it to her elderly mother. Had Plaintiff been present when the Summons and Complaint were served, she would have refused service and shown the deputy her identification to prove that she was not "Elaine E Johnson."

4

29. After reviewing the Summons and Complaint, Plaintiff called BS and explained again that she was not "Elaine E Johnson" and that she had a different Social Security Number.

30. During this conversation, BS's employee or agent told Ms. Johnson that the alleged debt originated in Ohio in 2002.

31. Plaintiff informed BS's employee or agent that she had not lived in Ohio in 2002, nor ever resided at the address from which the alleged debt originated.

32. BS's employee or agent told her that she would have to prove that she was not the same person by filing a fraud alert.

33. Respondent did not feel that it was appropriate to file a sworn affidavit of fraud, since she was not alleging fraudulent use of her identity, but rather, that she was not the person named in the Complaint.

34. In both this instance and prior dealings with other creditors, Plaintiff's understanding has been that she and "Elaine E. Johnson" are simply two people with the same first and last names, but different middle names and Social Security Numbers. Furthermore, the debts attributed to "Elaine E. Johnson" have never appeared on Plaintiff's credit report.

35. Defendant BS's agent or employee, Richard Jackson (hereinafter, "Jackson"), has since acknowledged to Plaintiff's counsel that Plaintiff is not "Elaine E. Johnson," but as of this date, Defendants have not dismissed the collection suit as to Plaintiff.

36. BS's Complaint states on its face and in an incorporated sworn affidavit that it sues for money owed on a "credit account," or, alternatively, on an account stated, the amount claimed for which has allegedly been due and owing since May 31, 2006.

37. N.C. Gen. Stat. 1-53(1) provides a three-year statute of limitations for any action "upon a contract, obligation or liability arising out of a contract, express or implied [...]"

5

38. During their conversation after Plaintiff received the Summons and Complaint, BS's employee or agent also told Plaintiff that the alleged debt was charged off on May 31, 2006.

39. Upon information and belief, the "charge-off date" for a credit card account is not the date of default or delinquency.

40. Upon information and belief, the "charge-off date" could be up to one-hundred-and-eighty (180) days past the date of default or delinquency.

41. Plaintiff filed its Complaint on July 8, 2009.

42. Plaintiff's Complaint was filed more than three years after the date its collection action Complaint claims the alleged debt became due and owing.

43. BS knew or should have known that, by the time it filed this action, the statute of limitations had run as to this alleged debt.

44. Since learning that Plaintiff intended to raise FDCPA claims, Jackson has alleged that a payment was made on the debt on September 28, 2006.

45. Jackson's claim is in stark contrast to Bullhead's Complaint, which was signed by BS's attorney under Rule 11, to the sworn affidavit of Bullhead's custodian of records, and to the verbal statements of BS's employee or agent to Ms. Johnson when she sought information about the alleged debt.

46. Since being served the collection action, Ms. Johnson has suffered anxiety, emotional distress, inconvenience, has missed work, and has had hire an attorney

**TRIAL BY JURY**

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

6

## CAUSES OF ACTION

### Count One:

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692 et seq.

48. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

49. One of the purposes of the FDCPA is to prevent debt collectors from dunning the wrong person.

50. Defendants, in filing suit against Ms. Johnson despite knowing that she had a different name and Social Security Number than the person who allegedly incurred the debt, have falsely represented the character and amount of the alleged debt, in violation of the FDCPA at 15 U.S.C. § 1692e(2)(A).

51. Another purpose of the FDCPA is to protect even unsophisticated consumers who might pay a time-barred debt rather than assert the defense.

52. The filing of this time-barred suit is an unconscionable and unfair means of collecting an alleged debt, in violation of the FDCPA at 15 U.S.C. § 1692f, a deceptive representation in connection with collection of an alleged debt, in violation of 15 U.S.C. § 1692e, and a false representation of the character and legal status of the alleged debt, in violation of the FDCPA at 15 U.S.C. § 1692e(2)(A).

53. As a result of Defendants' actions, Plaintiff has suffered anxiety, emotional distress, inconvenience, has missed work, and has had hire an attorney.

54. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) from each; statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elaine A. Johnson prays the Court to:

1. Award her actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant jointly and severally;

2. Award her statutory damages of $1,000.00 from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Award her costs of litigation and reasonable attorney's fees from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(3);

4. Award her the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally;

5. Grant trial before a jury on all issues so triable; and

6. Grant such other and further relief as the Court deems just and proper.

THIS the 20th day of August, 2009.

Respectfully submitted,

By: /s/ Suzanne Begnoche
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law
Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC  27516
begnoche@mindspring.com
Telephone: (919) 960-6108
Facsimile: (919) 967-4953

8

STATE OF NORTH CAROLINA
DURHAM COUNTY

## VERIFICATION

Elaine Annette Johnson, being duly sworn, deposes and says:

1. I am an adult person, and competent to testify as to the matters stated herein and in the forgoing Complaint.

2. I have read the forgoing Complaint prepared by my attorney, and its contents are true to my own personal knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true after reasonable inquiry.

3. I believe that the Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that the Complaint is not interposed for any improper purpose, such as to harass any other party, cause unnecessary delay to any other party, or create a needless increase in the cost of litigation to any other party named in the Complaint.

5. I have filed the Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorney which has been attached to the Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Elaine Annette Johnson

Sworn to and subscribed before me, this 20th day of August, 2009.

_____
Notary Public
My commission expires: March 7, 2012

[Notary Seal: SUZANNE BEGNOCHE, NOTARY PUBLIC, DURHAM COUNTY, NC]